UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESSICA E. TYRONE, ) | Case No.: 1:13 CV 28 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant ) | ORDER OF REMAND |

The Commissioner of Social Security (the "Commissioner") denied disability benefits to the claimant, Jessica E. Tyrone ("Plaintiff" or "Tyrone") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Vernelis K. Armstrong for preparation of a report and recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff sought an order remanding the case. The Commissioner sought final judgment upholding the decision below.

Magistrate Judge Armstrong submitted her R&R on August 13, 2013, recommending that the case be affirmed in part and reversed and remanded in part. (ECF No. 16.) First, Magistrate Judge Armstrong found that the Administrative Law Judge ("ALJ") did "capture the overwhelming theme" of state examiner Dr. Semmelman's opinion in his Mental Residual Functional Capacity Assessment of Plaintiff. (R&R at 22, ECF No. 16.) Further, Magistrate Judge Armstrong found that the ALJ was not required to accept Dr. Semmelman's restrictions in their entirety. (*Id.*) Based on

this, Magistrate Judge Armstrong found that Plaintiff's argument that the ALJ erroneously rejected the opinion of Dr. Simmelman to be without merit. (*Id.*)

Next, Magistrate Judge Armstrong rejected Plaintiff's arguments that the ALJ erred in evaluating her residual functional capacity. Magistrate Judge Armstrong first found that the ALJ's hypothetical question posed to Plaintiff regarding her varied limitations fully encompassed the limitations claimed by Plaintiff. (*Id.* at 24.) Second, Magistrate Judge Armstrong found that the ALJ properly considered all medical records from the relevant time period beginning in 2006. (*Id.* at 25.) Finally, Magistrate Judge Armstrong found that the ALJ did not err when he omitted from his decision Plaintiff's answer to his hypothetical question asking her whether she might be able to work a full eight-hour day. (*Id.* at 26.)

Magistrate Judge Armstrong then addressed Plaintiff's argument that the ALJ failed to perform a full investigation into the mental and physical demands of Plaintiff's past relevant work as a security guard and that the ALJ failed to perform a function-by-function comparison of those demands and Plaintiff's current residual functional capacity. (*Id.* at 26.) The Magistrate Judge found that the ALJ had not adequately addressed step four of the required analysis under 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3), because while he had found Plaintiff's residual functional capacity would allow her to return to her work as a security guard, he had failed to make any findings of fact in his decision as to the physical and mental demands of Plaintiff's past relevant work as a security guard as she actually performed it. (*Id.* at 28.) As such, Magistrate Judge Armstrong found that the ALJ had failed to provide "substantial evidence" to support his step four finding as required by case law. (*Id.*); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832-33 (6th Cir. 2006). Therefore, the Magistrate recommended that the court reverse and remand the ALJ's decision to repeat the step

four analysis in line with the R&R. (R&R at 28, ECF No. 16.) Finally, the Magistrate Judge declined to address Plaintiff's other arguments concerning the ALJ's step four findings, as well as Plaintiff's assignments of error concerning step five. (*Id.*)

Plaintiff did not file any objections to the R&R. The Commissioner filed a response to the R&R indicating that she will not be filing an objection (ECF No. 17.)

The court finds, after careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's R&R (ECF No. 16) and hereby reverses the Commissioner's decision and remands the case for further proceedings consistent with this Order and the Magistrate Judge's R&R. On remand, the ALJ must complete the step four analysis in full, including a consideration of the physical and mental demands of Plaintiff's past relevant work as a security guard as she actually performed it. The ALJ should also address whether Plaintiff's work as a security guard requires more than superficial interaction with the general public, and whether Plaintiff's prescribed opiate use impacts her ability to return to past relevant work. The ALJ should also complete the step five analysis.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 11, 2013